UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
HENRY FORD WILLIAMS,        )
                            )
    Petitioner,              )
                            )
        v.                  )    NO. 3:09-0548
                            )    Judge Trauger/Bryant
GAYLE RAY,                   )
                            )
    Respondent.              )
```

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

Respondent filed her motion to dismiss[1] petitioner's habeas corpus petition for procedural default (Docket Entry No. 19), to which petitioner responded in opposition (Docket Entry Nos. 24 and 25).

Respondent's motion has been referred to the undersigned Magistrate Judge for report and recommendation (Docket Entry No. 2).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss should be **granted** and the petition **dismissed.**

### State Court History

On February 9, 2000, an officer of the Springfield Police Department executed a search warrant at 413 Dorris Avenue in Springfield, a residence located within 1,000 feet of Bransford

---

[1]This motion to dismiss was filed by the State of Tennessee, which was named as the respondent in the original petition. Upon motion of petitioner, the Court granted leave to amend the petition to substitute the Honorable Gayle Ray as respondent in place of the State of Tennessee. (Docket Entry No. 26).

Elementary School. Petitioner was present in the home at the time of the search, which produced a hand-rolled cigarette containing what appeared to be marijuana, a sawed-off shotgun, and what a laboratory analysis determined to be 0.57 grams of cocaine. A week later during an unrelated incident at the same residence, petitioner stated to SPD Officer Reeves, "Everybody knows I sell dope, but I don't ever keep any more on me than I can get rid of before y'all come in." (Docket Entry No. 20-1 at 2-3).

On October 19, 2002, a Robertson County jury convicted the petitioner of possession with the intent to sell .5 grams or more of cocaine, a Schedule II drug, within 1,000 feet of a school zone and simple possession of cocaine. The petitioner also pled guilty to a charge of unlawful possession of a firearm in connection with the illegal drug charges (Docket Entry No. 20-6 at 2). The trial court merged the illegal drug convictions and imposed an effective sentence of 32.5 years as a Range II offender to be served concurrently with a three-year sentence for the unlawful firearm conviction. (Id.)

Petitioner filed a timely appeal (Docket Entry No. 20-2), and on May 18, 2005, the Tennessee Court of Criminal Appeals affirmed his convictions and sentences (Docket Entry No. 20-1). After petitioner's application for permission to appeal to the Tennessee Supreme Court was denied (Docket Entry Nos. 20-4 and 20-5), petitioner filed a timely petition for post-conviction relief,

2

which raised two issues for review, including whether defendant was denied due process due to the racial makeup of the trial jury.

At the evidentiary hearing, petitioner testified that he remembered only one African-American in the jury pool of approximately 50 potential jurors, that the District Attorney's office challenged that sole African-American juror using a peremptory challenge, and that defense counsel had failed to make a <u>Batson</u> objection (Docket Entry No. 20-6 at 3-4). The jurors that convicted petitioner, an African-American, were all white. (<u>Id.</u>)

The post-conviction court evaluated the petitioner's challenge to the composition of the jury as a due process claim. (<u>Id.</u> at 4). The deputy clerk of the Robertson County Circuit Court testified that the names of potential jurors had been selected from a list of people, provided by the Tennessee Department of Safety, who had driver's licenses or state identification cards, and that this method of selection afforded no opportunity to discriminate against any particular recognizable group. The deputy clerk testified that this method had been challenged before and had never been found to be unconstitutional. She further testified that the number of minorities represented in the jury pools varied from month to month based upon a random drawing. The post-conviction court accredited the deputy clerk's testimony and found that the proof failed to show that Robertson County's method of selecting jury pools violated petitioner's due process rights "by clear or convincing evidence." (Docket Entry No. 20-6 at 5).

3

Following denial of his petition for post-conviction relief, petitioner filed a timely appeal to the Tennessee Court of Criminal Appeals (Docket Entry No. 20-7).

The Tennessee Court of Criminal Appeals held that petitioner's due process challenge to the racial composition of his trial jury had been waived by his failure to object, both at trial and on direct appeal. Specifically, the appeals court stated:

> Code section 40-30-106(g) states in pertinent part, "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." T.C.A. § 40-30-106(g). The petitioner had an opportunity to object to the racial makeup of the jury at trial and on direct appeal; however, he failed to make such objections. We hold that the petitioner has waived this issue and affirm the post-conviction court's order denying relief on this ground.

(Docket Entry No. 20-6 at 9). Petitioner thereafter filed an application for permission to appeal to the Tennessee Supreme Court, which was denied (Docket Entry Nos. 20-9 and 20-10).

### The Habeas Corpus Petition

Petitioner has filed a timely petition in this court pursuant to 28 U.S.C. § 2254. The petitioner asserts three grounds, including the challenge that the racial makeup of the jury violated his rights to due process.[2]

---

[2] Petitioner has conceded in his response to respondent's motion to dismiss that the other two grounds for relief asserted in his petition should be dismissed (Docket Entry No. 24). Therefore, the only ground addressed in this report and recommendation is petitioner's due process challenge to the racial composition of his trial jury.

4

## Analysis

Respondent in her motion to dismiss argues that the claims raised in petitioner's petition should be dismissed as procedurally defaulted because they were not fully and fairly raised at the state-court level. Specifically, respondent maintains that petitioner waived his due process challenge to the racial makeup of the jury pool by failing to raise it during his direct state-court proceedings (Docket Entry No. 19 at 1).

Petitioner, in response, implicitly concedes that he did not object to the makeup of the jury at trial or on direct appeal at the state level, but argues that this failure does not extinguish his right to a habeas corpus review. Specifically, petitioner cites three U.S. Supreme Court decisions as support for his argument that if he can show a cause for his failure to comply with a state procedural requirement and actual prejudice he can still obtain habeas corpus relief, and that this court should conduct an evidentiary hearing to determine whether he is able to make such showing.

In <u>Davis v. United States</u>, 411 U.S. 233 (1973), the Supreme Court considered whether a federal prisoner may challenge in a federal habeas corpus proceeding the racial composition of the grand jury that indicted him after he failed to make a timely objection alleging a defect in the indictment, as required by Rule 12(b), Federal Rules of Criminal Procedure. The court held "that the necessary effect of the congressional adoption of Rule 12(b)(2)

5

[since amended and renumbered] is to provide that a claim once waived pursuant to that Rule may not later be resurrected, either in the criminal proceedings or in federal habeas, in the absence of the showing of 'cause' which that Rule requires." 411 U.S. at 242. In the <u>Davis</u> case, the Supreme Court noted that the district court found as follows:

> Petitioner offers no plausible explanation of his failure to make his timely objection to the composition of the grand jury. . . . No reason has been suggested why petitioner or his attorney could not have ascertained all the facts necessary to present the objection to the court prior to trial.

411 U.S. at 243. The Supreme Court found that the district court did not abuse its discretion in denying petitioner Davis federal habeas relief based upon a finding of waiver pursuant to Rule 12(b). 411 U.S. at 245.

In <u>Francis v. Henderson</u>, 425 U.S. 536 (1976), the Supreme Court applied the rule of <u>Davis v. United States</u> to a petition seeking habeas corpus relief from a state-court conviction. In <u>Francis</u> the court stated as follows:

> We conclude, therefore, that the Court of Appeals was correct in holding that the rule of Davis v. United States applies with equal force when a federal court is asked in a habeas corpus proceeding to overturn a state-court conviction because of an allegedly unconstitutional grand jury indictment. In a collateral attack upon a conviction that rule requires, contrary to the petitioner's assertion, not only a showing of "cause" for the defendant's failure to challenge the composition of the grand jury before trial, but also a showing of actual prejudice.

425 U.S. at 542.

6

In Wainwright v. Sykes, 433 U.S. 72 (1977), the Supreme Court applied the Francis rule to a habeas corpus petitioner who had failed to lodge a timely objection to admission of his confession on the ground that he had not understood his Miranda rights before making the confession. The court stated as follows:

> We believe the adoption of the Francis rule in this situation will have the salutary effect of making the state trial on the merits the "main event," so to speak, rather than a "tryout on the road" for what will later be the determinative federal habeas hearing. There is nothing in the Constitution or in the language of § 2254 which requires that the state trial on the issue of guilt or innocence be devoted to the testimony of fact witnesses directed to the elements of the state crime, while only later will there occur in a federal habeas hearing a full airing of the federal constitutional claims which were not raised in the state proceedings. If a criminal defendant thinks that an action of the state trial court is about to deprive him of a federal constitutional right there is every reason for his following state procedure in making known his objection.

433 U.S. at 90.

These Supreme Court decisions state the "Francis rule," which holds that a habeas corpus petitioner may not seek habeas relief on a procedurally defaulted claim absent a showing of "cause" for his failure to raise a timely objection and actual prejudice. For example, the petitioner in Parks v. Warren, 574 F.Supp. 2d 737 (E.D. Mich. 2008), asserted that he failed to make a timely objection to the composition of his state court jury because he did not learn of the computer glitch that caused the racially disproportionate jury pool until too late.

7

In significant contrast to the Parks case, however, petitioner in the instant case, both in his petition and in his response to the respondent's motion to dismiss, has wholly failed to offer any plausible explanation for his failure to make a timely objection to the composition of his trial jury. Petitioner has articulated no reason why he or his attorney could not have ascertained all the facts necessary to present his objection to the trial court or on direct appeal. In the absence of some expressed reason for his failure to object, there are no grounds for this court to grant petitioner's request for "a hearing to determine if there was cause for Petitioner's failure to directly appeal the suspect make-up of the jury . . . ." Petitioner has to this date failed to give a reason for his failure to object upon which to conduct an evidentiary hearing. In the absence of such an allegation, the undersigned Magistrate Judge finds that such a hearing is neither warranted nor required by controlling case law.

For the reasons stated above, the undersigned Magistrate Judge finds that petitioner waived his right to challenge on due process grounds the racial composition of his state court trial jury when he failed to raise this issue at trial or on direct appeal. This sole remaining ground for relief having been procedurally defaulted, respondent's motion to dismiss should be granted.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that respondent's motion to dismiss be **GRANTED** and the petition pursuant to 28 U.S.C. § 2254 be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 7th day of September 2010.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge